IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLOS RUIZ,
  Plaintiff,

vs.           Case No. 3:12cv495/MCR/CJK

J.M. GAYNOR, et al.,
  Defendants.

_____

ORDER and
<u>REPORT AND RECOMMENDATION</u>

  This cause is before the Court upon plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (doc. 1), and motion for leave to proceed *in forma pauperis* (doc. 2). For the limited purpose of dismissing this action, leave to proceed *in forma pauperis* will be granted. Upon review of the complaint, the Court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

  Plaintiff is an inmate of the Florida Department of Corrections ("DOC"), currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI"). (Doc. 1, p. 2). Plaintiff is suing three officials at Santa Rosa CI: Corrections Officer J.M. Gaynor, Colonel J.A. Peters, and Warden R. Tifft. (Doc. 1, p. 2). Plaintiff claims that Gaynor violated his constitutional rights by frequently assaulting plaintiff who was often in full restraints, pushing plaintiff into a red ant pile, and refusing to provide medical care. (Doc. 1, pp. 8-15). Further, plaintiff claims that Tifft and Peters, as

Gaynor's supervisors, were in a position to prevent such constitutional violations from occurring. (Doc. 1, p. 13). As relief, plaintiff requests "Injunctive and punitive compensatory damages in the amount of $150,000 from each named defendant - each one in his individual, personal, and/or official capacity. Trial by jury. Any other relief this court deems proper." (Doc. 1, p. 16).

DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the Court is required to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed his amended complaint on October 12, 2012, the date reflected on the institutional date-of-mailing stamp. (Doc. 1, p. 1). On page three of the civil rights complaint form, Section IV(B) Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" (Doc. 1, p. 3). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), plaintiff marked "Yes." (Doc. 1, p. 3). The plaintiff disclosed one case: *Ruiz v. Osteen*, Case Number 3:12cv240, a civil rights case plaintiff filed in this Court on May 17, 2012. Plaintiff disclosed no other cases.

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in either state or federal court that relate to the

---

[1] Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action. Plaintiff answered "No" to Question (A) and disclosed no cases.

*Case No: 3:12cv495/MCR/CJK*

fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (Doc. 1, p. 4). The plaintiff disclosed the following seven cases:

(1) *Osterback v. Singletary*, Case Number 3:04cv210, a civil rights class action lawsuit in which plaintiff participated filed in United States District Court for the Middle District of Florida ("Middle District"),

(2) *Ruiz v. Dugger*, Case Number 3:90cv651, a civil rights case plaintiff filed in the Middle District in 1990,

(3) *Ruiz v. Several Correctional Officers*, Case Number 3:11cv292, a civil rights case plaintiff filed in this Court on June 20, 2011,

(4) *Ruiz v. Thornton*, Case Number 3:89cv763, a civil rights case plaintiff filed in the Middle District in 1989,

(5) *Ruiz v. Doe*, Case Number 8:90cv817, a civil rights case plaintiff filed in the Middle District in 1990,

(6) *Corniello v. Dugger*, Case Number 3:90cv711, a civil rights class action lawsuit in which plaintiff participated, filed in the Middle District in 1990, and

(7) *Ruiz v. DOC Secretary*, Case Number 11-CA-1303, filed in the Circuit Court of Leon County, Florida.

(Doc. 1, pp. 4-7). Plaintiff also disclosed various state mandamus petitions. (Doc. 1, p. 7). Plaintiff disclosed no other cases.

On the same page of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (Doc. 1, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "Yes." (Doc. 1, p. 4). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed the following two civil rights actions:

(1) *Ruiz v. Shaner*, Case Number 3:12cv405, filed on August 20, 2012 (the date reflected on the institutional date-of-mailing stamp) and dismissed as malicious on September 10, 2012, and

(2) *Ruiz v. Gaynor*, Case Number 3:12cv443, filed on September 12, 2012 (the date reflected on the institutional date-of-mailing stamp) and dismissed as malicious on September 28, 2012.

(Doc. 1, pp. 4-5). Plaintiff disclosed no other cases.

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (Doc. 1, p. 16). Thus, plaintiff has in effect stated that at the time he filed his amended complaint, he had initiated no other lawsuits in federal court that either dealt with the same or similar facts/issues involved in this action, related to the conditions of his confinement, or were dismissed prior to service.

As a matter of course, the Court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's

jurisdiction.  Further, in the light of 28 U.S.C. § 1915(g)[2], the Court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  The information obtained from the disclosure requirements also helps the Court to consider whether the action is related to or should be considered in connection with another case, or whether a holding in another case affects the current action.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.  As the Eleventh Circuit explained, "[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted."  *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The Clerk has advised and the Court may take judicial notice, that at the time plaintiff filed his amended complaint in this case on October 12, 2012, plaintiff had initiated four other civil actions in this Court that required disclosure.  On August 20, 2012 (the date reflected on the institutional mailing stamp), plaintiff initiated a civil rights case, *Ruiz v. Williams, et al.*, Case Number 3:12cv404, complaining that prison officials violated his constitutional rights by housing the plaintiff with an African American inmate and then telling the inmate plaintiff was racist.  A report and

---

[2]Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

*Case No: 3:12cv495/MCR/CJK*

recommendation was entered on October 11, 2012, dismissing the case. On September 3, 2012 (the date reflected on the institutional date-of-mailing stamp appearing on the complaint), plaintiff initiated *Ruiz v. Tifft*, Case Number 3:12cv427. There, plaintiff complained about the food at Santa Rosa CI. On September 30, 2012 (the date reflected on the institutional date-of-mailing stamp appearing on the complaint), plaintiff initiated *Ruiz v. Beaver*, Case Number 3:12cv479. There, plaintiff claimed that in 2010, correctional officers at Santa Rosa CI used excessive force on him and retaliated against him for filing grievances. On October 4, 2012 (the date reflected on the institutional date-of-mailing stamp appearing on the complaint), plaintiff initiated *Ruiz v. Shaner*, Case Number 3:12cv488. There, plaintiff claimed that correctional officers at Santa Rosa CI used excessive force on him in January of 2012. Plaintiff did not disclose any of these cases in his complaint. Further, although plaintiff may not have been aware of the case number and judge assigned to his most recent case (*Ruiz v. Shaner*) at the time he filed his complaint, plaintiff certainly knew he had initiated that case, and knew all other information required by the court form.

The Court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners:

"FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 3). If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow plaintiff's false responses to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 23rd day of October, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).